**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00214-REB-CBS

LYNDA TRAVIS, f/k/a LYNDA HERRERA,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MESA,

    Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the defendant's **Motion To Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)** [#4][1] filed February 1, 2010. The plaintiff filed a response [#17], and the defendant filed a reply [#21]. I grant the motion.

### I. JURISDICTION

My jurisdiction arises under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

The defendant seeks dismissal under FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-***

---

[1] "[#4]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted)).

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

### III. ANALYSIS

In her complaint, the plaintiff, Lynda Travis, alleges claims of employment discrimination based on race, ancestry, and national origin. She brings her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, and the Colorado Anti-Discrimination Act, §§24-34-101 - 901, C.R.S.

Travis was an employee of the Mesa County Health Department. The only defendant named in her complaint [#1-2], filed February 1, 2010, is the Board of County Commissioners of the County of Mesa (BOCC). Travis alleges that the Mesa County Health Department "is a department of Mesa County, a statutory entity under Colorado law." *Complaint* [#1-2], ¶ 6. In its motion to dismiss, the BOCC contends that the Mesa County Health Department is a separate political subdivision of the State of Colorado, with its own board, duties, and authority, and is not subject to the control of the BOCC. As a result, the BOCC contends, the BOCC is not a proper defendant in this lawsuit because the BOCC was not Travis's employer. The BOCC contends that, under Colorado law, it did not have the statutory authority to affect the circumstances of Travis's employment, and it did not have the statutory authority to control the Mesa County Health Department. The BOCC contends that Travis cannot state a valid claim against the BOCC based on the employment discrimination Travis allegedly suffered while employed by the Mesa County Health Department. I agree.

Under F.R.Civ.P. Rule 17(b), capacity to sue or be sued shall be determined by the law of the state where the federal district court is located. Under §25-1-506, C.R.S., each Colorado county, "by resolution of its board of county commissioners, shall establish and maintain a county public health agency or shall participate in a district public health agency. " As its name indicates, the Mesa County Health Department is a

3

county public health agency. Travis does not dispute this contention. Under §25-1-508(1), C.R.S., the BOCC is obligated to appoint a county board of health. A county board of health has a variety of statutory powers and duties, including the selection of a public health director, who serves at the pleasure of the county board of health. §25-1-508(5)(c)(I), C.R.S. In addition, the county board of health is empowered to develop public policies, complete state mandated public health plans, determine general policies, operate by establishing offices, and engage in rule-making. §25-1-508(5), C.R.S. Under §25-1-509(1)(b), C.R.S., the public health director appointed by the county board of health shall select all other personnel required by the agency and "(a)all personnel shall perform duties as prescribed by the public health director." Further, the public health director shall "exercise all powers and duties conferred and imposed upon agencies not expressly delegated by the provisions of this part 5 to a county or district board" of health. §25-1-509(2)(b), C.R.S.

The statutory scheme described above became effective on July 1, 2008.[3] In *Jefferson County Health Services Ass'n, Inc. v. Feeney*, 974 P.2d 1001, 1003 (Colo. 1998), the Colorado Supreme Court examined the status of a health department established under the prior statutory scheme, §§25-1-501 to 516, C.R.S. (1998). For purposes of determining the level of authority of a county board of health and the health department established by a county board of health, the prior statutory scheme is similar to the present scheme in all essential respects. In *Feeney*, the court concluded that "the statutes that govern the operation of the public health system in Colorado dictate that a part 5 health department is a legal entity, separate and distinct from the

---

[3] Travis alleges that she was hired as an Environmental Health Specialist on August 4, 2008. During Travis's term of employment, the Mesa County Board of Health and the Mesa County Health Department operated under the statutory scheme described above.

4

board of county commissioners." Although the relevant statutory scheme has been modified in some respects, none of the modifications undermines the bases for the court's conclusion in *Feeney*. Thus, the Colorado Supreme Court's holding in *Feeney* is binding in this case.

Travis named the Board of County Commissioners of the County of Mesa as the defendant in this employment discrimination case. The BOCC was not Travis's employer when Travis worked for the Mesa County Health Department. Based on that employment, Travis cannot state a claim on which relief can be granted against the BOCC. Therefore, I grant the BOCC's motion to dismiss. I will permit the plaintiff to file an amended complaint, if she wishes to do so, on or before October 20, 2010.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion To Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)** [#4] filed February 1, 2010, is **GRANTED**;

2. That the plaintiff's claims against the Board of County Commissioners of the County of Mesa are **DISMISSED** with prejudice;

3. That on or before October 20, 2010, the plaintiff **MAY FILE** an amended complaint, if she chooses to do so; and

4. That absent the timely filing of an amended complaint, this case **SHALL BE** dismissed.

Dated September 27, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge